UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN FRATTAROLA, *et al.* <br><br> *on behalf of themselves and all other employees similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, *et al.*, <br><br> Defendants. | Civil Action No. 2:09-cv-5533 |

### ORDER

AND NOW, this _____ day of _____ 2011, upon consideration of Defendants' Motion for Leave to File Notice of Supplemental Authority, it is hereby ORDERED that the Motion is GRANTED, and the Notice of Supplemental Authority attached as Exhibit "A" to Defendants' Motion is deemed FILED.

_____
CYNTHIA M. RUFE, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN FRATTAROLA, *et al.* <br><br> *on behalf of themselves and all other employees similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, *et al.*, <br><br> Defendants. | Civil Action No. 2:09-cv-5533 |

**DEFENDANTS' MOTION FOR LEAVE
TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, Mercy Health System of Southeastern Pennsylvania, Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Fitzgerald Hospital, Mercy Philadelphia Hospital, Mercy Suburban Hospital, Nazareth Hospital, St. Agnes Continuing Care Center, H. Ray Welch, Jr., and Catherine Byrne ("Defendants"), by and through their undersigned counsel, respectfully seek leave to submit additional relevant authority in opposition to Plaintiffs' Motion for Expedited Collective Action Notification ("Notice Motion") (Dkt. No. 114) and Plaintiffs' Motion for Expedited Hearing on Plaintiffs' Motion for Expedited Notice to Affected Employees ("Hearing Motion") (Dkt. No. 117). Specifically, Defendants seek leave to call to the Court's attention the Memorandum & Order issued by Judge Seybert in *Wolman v. Catholic Health Sys. of Long Island, Inc.*, C.A. No. 10-CV-1326 (JS) (ETB) (Dkt. No. 164) (E.D.N.Y. Dec. 30, 2010), and the Opinion & Order of Judge Crotty in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, C.A. No. 10-CV-2661 (PAC) (Dkt. No. 169) (S.D.N.Y. Jan. 28, 2011). In alleged factual contexts similar to that at issue in this case and alleging claims similar to those that

Plaintiffs have alleged here, Judge Seybert and Judge Crotty, in *Wolman* and *Nakahata*, respectively, addressed and granted motions to dismiss, dismissing the complaints in those cases in their entirety, before addressing pending motions for collective action notification. In view of the granting of the motions to dismiss, the courts in both *Wolman* and *Nakahata* then denied the motions for collective action notification as moot. In this case, Defendants have argued in their Memorandum in Opposition to Plaintiffs' Motion for Expedited Hearing (Dkt. No. 126) that this Court should address Defendants' Motion to Dismiss Plaintiffs' Amended Complaint before reaching Plaintiffs' Notice Motion and Hearing Motion. As set forth more fully in the accompanying Memorandum of Law, that is precisely the approach adopted by the Courts in *Wolman and Nakahata*. We, thus, offer these cases as supplemental authority on this point.

WHEREFORE, because *Wolman and Nakahata* arise in a similar factual and procedural context and demonstrate the approach other courts have taken when confronted with simultaneously pending motions to dismiss and motions for collective action notification, *i.e.*, addressing the motions to dismiss first before addressing the motions for collective action notification, Defendants respectfully request that leave to file a Notice of Supplemental Authority in the form appended hereto as Exhibit "A" be granted.

                                      Respectfully submitted,

                                      /s/ Andrea M. Kirshenbaum
                                      Patrick Matusky
                                      Caroline M. Austin
                                      Andrea M. Kirshenbaum
                                      Christopher D. Durham
                                      Duane Morris LLP
                                      30 S. 17th Street
                                      Philadelphia, PA 19103
                                      (215) 979-1000

Date: February 11, 2011                         *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN FRATTAROLA, *et al.*<br><br>*on behalf of themselves and all other employees similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, *et al.*,<br><br>Defendants. | Civil Action No. 2:09-cv-5533 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, Mercy Health System of Southeastern Pennsylvania, Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Fitzgerald Hospital, Mercy Philadelphia Hospital, Mercy Suburban Hospital, Nazareth Hospital, St. Agnes Continuing Care Center, H. Ray Welch, Jr., and Catherine Byrne ("Defendants"), by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion for Leave to File Notice of Supplemental Authority.

As this Court is aware, Plaintiffs' counsel in this case, the law firm of Thomas & Solomon LLP ("Thomas & Solomon"), has filed numerous lawsuits in various jurisdictions that are strikingly similar to this lawsuit both in terms of the alleged factual contexts and the legal claims asserted. Recently, two decisions have been handed down in several of the similar cases which support an argument Defendants have made in opposition to Plaintiffs' Motion for Expedited Collective Action Notification ("Notice Motion") (Dkt. No. 114) and Motion for Expedited Hearing on Plaintiffs' Motion for Expedited Notice to Affected Employees ("Hearing

Motion") (Dkt. No. 117), Judge Seybert in *Wolman v. Catholic Health Sys. of Long Island, Inc.*, C.A. No. 10-CV-1326 (JS) (ETB) (E.D.N.Y. Dec. 30, 2010), and Judge Crotty in *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, C.A. No. 10-CV-2661 (PAC) (Dkt. No. 169) (S.D.N.Y. Jan. 28, 2011).[1]

In the instant case, Defendants argue in opposition to Plaintiffs' Notice Motion and Hearing Motion that those Motions are premature pending disposition of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. *See*, Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Expedited Hearing on Plaintiffs' Motion for Expedited Notice to Affected Employees (hereinafter "Defendants' Opposition Memorandum" cited as "Defts' Opp. Mem.") (Dkt. No. 126 at pp. 1-3, 7-11). Specifically, Defendants contend that their Motion to Dismiss Plaintiffs' Amended Complaint may dispose of this case in its entirety (or at least the FLSA claims), thereby rendering moot any need for any collective action notice. Alternatively, Defendants argue that even if the Motion to Dismiss is not fully dispositive, the Court's ruling on the Motion may limit or narrow the matters in dispute so as to affect the substance of any collective action notice that might otherwise be appropriate. Defts' Opp. Mem. at p. 2.

Defendants previously cited a number of cases supporting the proposition that the Motion to Dismiss should be determined before Plaintiffs' Notice Motion and Hearing Motion are addressed. Defts' Opp. Mem. at pp. 9-10 (citing *Hinterberger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009)) (deciding motion to dismiss FLSA claims before plaintiffs' "expedited" motion for conditional collective action certification); *Gordon v. Kaleida Health*, No. 08-CV-378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009)

---

[1] The decision in *Nakahata* dismisses the claims in four cases: *Nakahata*; *Yarus v. New York City Health & Hosp. Corp.*, 10-CV-2662 (S.D.N.Y. Jan. 28, 2011); *Megginson v. Westchester Med. Ctr.*, 10-CV-2683 (S.D.N.Y. Jan. 28, 2011); and *Alamu v. Bronx-Lebanon Hosp. Ctr., Inc.*, 10-CV-3247 (S.D.N.Y. Jan. 28, 2011).

2

(same); *Hein v. The PNC Fin. Servs. Group, Inc.*, 511 F.Supp.2d 563, 575 (E.D. Pa. 2007) (finding plaintiffs' FLSA claim failed as a matter of law and therefore denying plaintiffs' motion to certify collective action as moot); *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 253 (S.D.N.Y. 1997) (addressing motion for judgment on the pleadings first because "if the Court deems this action ripe for dismissal, it would be futile to send class notice to other potential plaintiffs, and plaintiffs' motion would be moot").

The decisions in *Wolman* and *Nakahata* support Defendants' argument and follow the approach of the cases previously cited in first addressing the legal sufficiency of the plaintiffs' complaints on a motion to dismiss before addressing the question of collective action notification. In both *Wolman* and *Nakahata*, Thomas & Solomon, as they do here, brought wage and hour collective and class actions against health care systems seeking to recover wages allegedly due to hourly employees for unspecified missed meal breaks and for work allegedly performed before and after scheduled shifts and during training sessions. In both cases, Thomas & Solomon (on plaintiffs' behalf) sought FLSA conditional collective action certification and notice to affected employees on an expedited basis, while motions to dismiss plaintiffs' complaints were pending. In both cases, the courts addressed the motions to dismiss <u>first</u> and upon granting those motions in their entirety, denied the motions for collective action certification and expedited notice. *Wolman, supra,* at p. 19[2]; *Nakahata, supra,* p. at 14.

---

[2] In *Wolman*, the Court said, "Thus, all pending motions (*see* Docket Nos. 112, 117) are DENIED AS MOOT." Together with the *Wolman* decision, a copy of the Docket Entries and Docket Item Nos. 112 and 117 in that case are attached as Exhibit "1" to the accompanying Defendants' Notice of Supplemental Authority. The Docket Entries and Docket Item Nos. 112 and 117 demonstrate that the motions denied as moot in *Wolman* were plaintiffs' motion for expedited collective action notice to affected employees and motion for expedited hearing on the motion to send notice.

Moreover, *Nakahata* demonstrates that even if a pending motion to dismiss is not fully dispositive of a complaint, it may limit the scope of an FLSA claim in a way that would affect any collective action notice that might properly be sent. In *Nakahata*, the court said:

> It should go without saying that the defendant in FLSA . . . claims must be the plaintiff's employer. The complaints are deficient due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs. Certainly if one entity did not pay an employee for overtime, that is an insufficient basis for naming every other health care facility affiliated with the employer.
>
> Finally, even if the claims of the plaintiffs have merit, which they do not, there is no basis for a collective or class action with regard to every other so-called hourly employee in the system from custodian and porter up to surgical specialist.

*Nakahata, supra,* at p. 9.

Here, Defendants challenge the legal sufficiency of Plaintiffs' Amended Complaint on grounds similar to those on which Plaintiffs' complaints in *Nakahata* were found deficient in the foregoing passage. *See* Defendants' Joint Memorandum of Law In Support of Defendants' Motions to Dismiss Plaintiffs' Amended Complaints (Dkt. No. 147) at pp. 13-14 (contending that Plaintiffs have not pled an employment relationship with each defendant), pp. 3-7 (arguing the Plaintiffs have failed to allege unlawful uniform policies sufficient to state a collective action on behalf of all employees on whose behalf Plaintiffs seek to sue). Findings here similar to those reached in *Nakahata* could vastly alter the nature and substance of any collective action notice that might be sent, even if the Amended Complaint is not dismissed in its entirety, which it should be.

Because *Wolman* and *Nakahata* support Defendants' position that the Court should decide the Motion to Dismiss Plaintiffs' Amended Complaint in this case before addressing

4

Plaintiffs' Notice Motion and Hearing Motion, Defendants respectfully request leave to file the Notice of Supplemental Authority accompanying their Motion.

Respectfully submitted,

/s/ Andrea M. Kirshenbaum
Patrick Matusky
Caroline M. Austin
Andrea M. Kirshenbaum
Christopher D. Durham
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
(215) 979-1000

Date: February 11, 2011

*Attorneys for Defendants*

5

DM1\2494521.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2011, copies of the foregoing Motion for Leave to File Notice of Supplemental Authority and Memorandum of Law in Support thereof were electronically filed with the Clerk of the Court using the CM/ECF system, which will send such notification to the following:

> J. Nelson Thomas, Esquire
> Justin M. Cordello, Esquire
> Thomas & Solomon LLP
> 693 East Avenue
> Rochester, New York  14607
> *Attorneys for Plaintiffs*

/s/ Andrea M. Kirshenbaum

DM1\2494521.2